IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY ALEX ROBERTS and SAMANTHA ROBERTS, | ) ) Case No.: 4:20-cv-00514-MTS ) ) |
| Plaintiffs, | ) ) ) JURY TRIAL DEMANDED |
| vs. | ) ) |
| U.S. SILICA COMPANY, | ) ) ) |
| Defendants. | ) |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

COMES NOW Defendant U.S. Silica Company ("Defendant"), by and through counsel, and pursuant to Defendant's Motion to Dismiss for Failure to Prosecute pursuant to Federal Rule of Civil Procedure 41(b) and/or Local Rule 8.01, states as follows:

**Introduction and Background**

On August 14, 2024, this Court entered its Order granting Defendant's Unopposed Motion to Strike Plaintiffs' Expert Witness Designations ("Second Motion to Strike"). (Doc. 70). In the interest of judicial economy, Defendant will not herein recite again the complete history of this case to that point. However, Defendant directs the Court to said Second Motion to Strike for that procedural history and, furthermore, incorporates herein by reference. (Doc. 69).

In addition to the foregoing, Defendant states that, to date, Plaintiffs have filed *nothing* in this case for approximately six (6) months. (Doc. 64). The most recent pleading Plaintiffs filed of any kind was their proposed Fifth Amended Case Management Order on March 14, 2024, the last in a long line of requests for extensions and amendments dating back to April 6, 2022. (Doc. 30 and Doc. 64). Moreover, since that time, Plaintiffs failed to file *any* responsive pleading to

Defendant's Second Motion to Strike on July 24, 2024, or the Court's Order granting same on August 18, 2024. (Doc. 69 and Doc. 70).

In sum, this case has been pending for approximately four and one half (4.5) years, during which time Plaintiffs have exhibited a clear and persistent pattern of intentional delay and failure to comply with this Court's orders, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court Eastern District of Missouri.

## **Legal Standards**

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal pursuant to Rule 41(b) is proper where the plaintiff has acted in "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis, Minn.,* 203 F.3d 524, 527 (8th Cir.2000).; *see, Arnold v. ADT Sec. Servs.,* Inc., 627 F.3d 716, 722 (8th Cir. 2010) (affirming a Rule 41(b) dismissal where the plaintiff acted with a "persistent pattern of delay and failure to comply with the district court's orders.").

The Rule functions to promote the expeditious handling of cases and to protect opposing parties from prejudice arising from vexatious, dilatory conduct. *See, Vasquez v. Hill,* No. 4:11CV01561AGF, 2012 WL 4936085, at *2 (E.D. Mo. Oct. 17, 2012), citing *Keocher v. Federal Nat. Mortg. Ass'n*, No. 11–2947 (DWF/JJK), 2012 WL 3052905, at* 4 (D.Minn. Jul. 9, 2012) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir.1997)). The focus of Rule 41(b), "is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court." *Reger v. Wilhite*, No. 1:18CV98 ACL, 2020 WL 3489356, at *2 (E.D. Mo. June 26, 2020), citing *Burgett*

*v. Gen. Store No Two Inc.*, 727 F. App'x 898, 900 (8th Cir. 2018). Orders of dismissal under Rule 41, including dismissal with prejudice, are reviewed for abuse of discretion. *See, Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010); citing *Hunt*, 203 F.3d 524, at 527.

Additionally, Local Rule 8.01 of the United States District Court Eastern District of Missouri provides that the Court may order a party to show cause why its claims should not be dismissed for failure to prosecute if a case has been pending for six (6) months without any action. E.D. Mo. L.R. 8.01. Absent a showing of good cause, "the Court may dismiss the claims with or without prejudice." *Reger*, 2020 WL 3489356, at *2, citing E.D. Mo. L.R. 8.01.

### Argument

As set forth in greater detail in Defendant's Second Motion to Strike, and the Court's docket, Plaintiffs' repeated failures to comply with this Court's orders and failure to take action in this case are clear. The Court's Case Management Order has been amended no fewer than six (6) times in light of Plaintiffs' dilatory approach to their obligations thereunder. Even so, Plaintiffs still failed to timely and properly disclose their experts in compliance with the Court's orders or the Federal Rules of Civil Procedure. Furthermore, Plaintiffs have engaged in no meaningful activity in this case for or filed any pleadings addressing their most recent failures for approximately six (6) months, even failing to file a response to Defendant's Second Motion to Strike and the Order granting same nearly one (1) month ago on August 18, 2024. All the while, Defendant has operated in good faith and relied to its detriment upon Plaintiffs' representations they would follow through on their proposed course of prosecuting this case, including not opposing extensions requested by Plaintiffs, to its mounting determent and prejudice.

This Court need look no further than several recent cases in which district courts have dismissed plaintiffs' complaints under identical circumstances. First and foremost, in *McMorris v.*

*Decker Truck Line, Inc.*, the plaintiff failed to meet multiple discovery deadlines (including expert disclosure deadline) even after the District Court granted at least one (1) extension. *McMorris v. Decker Truck Line, Inc.*, No. 4:23-CV-00625-DGK, 2024 WL 3836741, at *1 (W.D. Mo. Aug. 15, 2024). In fact, the plaintiff had not filed anything for four (4) months since he last requested to extend case deadlines. *Id.* Moreover, the plaintiff even failed to respond to the defendant's motion during that time, causing the court to conclude that "[p]laintiff's failure to respond to [d]efendant's motion not only amounts to waiver but is also emblematic of [p]laintiff's actions (of lack thereof) *(sic)* in this case." The case was dismissed pursuant to Rule 41(b) for failure to prosecute. *Id.*

Additionally, in *Reger v. Wilhite*, the plaintiff failed to comply with orders of the court, including failing to participate in the discovery process set forth in the case management order. *Reger v. Wilhite*, No. 1:18CV98 ACL, 2020 WL 3489356, at *2 (E.D. Mo. June 26, 2020). The district court noted that "[p]laintiff has not advanced his case in any meaningful way, prejudicing [d]efendants and impeding the Court's ability to manage its docket". *Id.* at *2. Relying on Rule 41(b) and Local Rule 8.01, among others, the court dismissed plaintiff's complaint for failure to prosecute or otherwise comply with orders of the court. *Id*. at *3. *See also, Devoto v. Corizon, Inc.,* No. 2:13CV00019ERW, 2014 WL 294326, at *3 (E.D. Mo. Jan. 27, 2014) (dismissal after plaintiff failed to respond to discovery requests and ignored defendant's motion); *Smith v. Planned Parenthood of St. Louis Region*, No. 4:03-CV-1727 CAS, 2005 WL 2298202, at *6 (E.D. Mo. Sept. 21, 2005) (dismissal where plaintiff did not seek additional time to conduct discovery until two months after the discovery deadline passed and after defendant filed its motion to dismiss for failure to prosecute).

Finally, in *Arnold v. ADT Sec. Servs., Inc.*, the Eighth Circuit affirmed the dismissal of a plaintiffs' action under analogous circumstances prejudice pursuant to Rule 41(b). *Arnold v. ADT*

*Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010). In that case, the action languished on the district court's docket for more than two (2) years as plaintiff continued to fail to comply with discovery requirements. *Id.* at 719. Even after the district court entered a new scheduling order to allow plaintiffs to designate experts, they failed to comply and their motions for additional extensions were so denied. *Id.* at FN 3. The Court of Appeals, in affirming the dismissal with prejudice, found that "[t]he district court provided plaintiffs with numerous opportunities to comply with its discovery orders". *Id*. at 723; *see also, Carter v. United States*, 83 F.R.D. 116, 117 (E.D. Mo. 1979) (dismissal pursuant to Rule 41(b)).

In the instant case, Plaintiffs failure to comply with Orders of this Court, including failing to participate in the discovery process and comply with expert disclosure deadlines set forth in the multiple case management orders, clearly supports the dismissal of their Complaint under Federal Rule of Civil Procedure 41(b). This general conduct is perhaps no more clear than in their failure to respond in any form to Defendant's Second Motion to Strike and the Court's Order Granting Defendant's Unopposed Motion to Strike their experts. Furthermore, Plaintiffs' abject failure to prosecute this case in *any way* for approximately six (6) months is alone sufficient to support dismissal for failure to prosecute under Local Rule 8.01. Plaintiffs having been afforded with numerous opportunities to comply with the Federal Rules and this Court's orders, the aforementioned continuing failures necessitate their Complaint be in order to halt the mounting prejudice to Defendant and ongoing imposition upon the Court's docket.

## Conclusion

Accordingly, in light of the clear and persistent pattern of delay and dilatory conduct by Plaintiffs throughout the course of this case, and as supported by the well-established case law dismissing actions for identical conduct (or less), dismissal for failure prosecute or otherwise

permit discovery is the only appropriate remedy at this late stage.  Defendant's Motion to Dismiss for Failure to Prosecute pursuant to Federal Rule of Civil Procedure 41(b) and/or Local Rule 8.01 should be granted.

      WHEREFORE, Defendant U.S. Silica prays this Honorable Court enter an Order granting Defendant's Motion to Dismiss for Failure to Prosecute pursuant to Federal Rule of Civil Procedure 41(b) and/or Local Rule 8.01 and grant any other relief the Court deems just and proper.

      Respectfully submitted,

      BRINKER & DOYEN, LLP

      By:  */s/ Evan M. Porter*
           Jeffrey J. Brinker, #30355MO
           Evan M. Porter, #63168MO
           34 N. Meramec Avenue, 5th Floor
           Clayton, Missouri 63105
           Telephone: (314) 863-6311
           Facsimile: (314) 863-8197
           jbrinker@brinkerdoyen.com
           eporter@brinkerdoyen.com
           ***Attorneys for Defendant U.S. Silica Company***

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed via the PACER filing system this 10th day of September 2024, with an electronic copy to be served by operation of the Court's electronic filing system upon the following:

George J. Miller, #19147MO
R. Scott Pecher, #61010MO
The Miller Stilwell Law Firm
925 W. 5th Street
Eureka, MO 63025
(636) 938-9877 Telephone
(636) 938-6327 Facsimile
gls@mslf-stl.com
scott@mslf-stl.com
***Attorney for Plaintiffs Courtney Alex Roberts and Samantha Roberts***

Robert D. Rowland, #39079
Kevin E. Meyers, #51838
Law Offices of Julie Bhattacharya
P.O. Box 7217
London, KY 40742
(314) 288-2640 Direct dial
Robert.Rowland@libertymutual.com
Kevin.Meyers@liberymutual.com
***Attorneys for Liberty Mutual Fire Insurance Company***

                                                          /s/ Evan M. Porter