IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY ALEX ROBERTS and SAMANTHA ROBERTS, | ) ) ) ) Case No.: 4:20-cv-514-MTS |
| Plaintiffs, | ) |
| vs. | ) ) |
| U.S. SILICA COMPANY | ) ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE**

COME NOW Plaintiffs, by and through counsel, and for their response to Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) and/or Local Rule 8.01, state as follows:

**INTRODUCTION AND BACKGROUND**

This matter is before the Court on Defendant's Motion to Dismiss this case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and/or Local Rule 8.01. This personal injury lawsuit arises out of a complex industrial accident and the resulting serious injury sustained by Plaintiff Courtney Roberts. Plaintiffs allege Mr. Roberts was injured when an industrial ball mill on Defendant's premises suddenly shifted and caused heavy debris to fall upon him. There is substantial physical and testimonial evidence supporting Mr. Roberts' injuries and claims. The injuries that Mr. Roberts sustained are still being treated by authorized medical doctors under Missouri's Workers' Compensation laws. An updated workers' compensation lien by Intervenor Liberty Mutual Insurance Company was recently provided to the parties showing an

amount exceeding five hundred thousand dollars ($500,000.00) in paid medical and indemnity expenses. This is an unfortunately serious matter that should not be dismissed for failure to prosecute.

In its motion, Defendant contends that Plaintiffs have exhibited a "clear and consistent pattern of intentional delay and failure to comply with this Court's orders." Herein, Plaintiffs present a rebuttal that evidences no deliberate or intentional effort to impede the progress of this case. If anything, a recent, admitted unintentional miscalculation on the date to file a response to a Motion to Strike is the extent of Plaintiffs supposed "intentional delay." As a result of the argument below, Plaintiff asks this Court to deny Defendants motion and for any other relief the Court deems appropriate at this juncture. If the Court were inclined to enter any order at this juncture, Plaintiffs would respectfully request the issuance of a final scheduling order or other method of ensuring absolute compliance going forward. Such an order or other minor sanctions would be far more appropriate than a dismissal of Plaintiffs' claims.

## **LEGAL STANDARD**

Under Rule 41 of the Federal Rules of Civil Procedure, "if the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). Dismissal pursuant to Rule 41(b) is proper where the Plaintiff has acted in "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir 2000).

However, District Courts have recognized that a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure has drastic consequences. Although Courts possess discretion in these types of cases, it is generally recognized that dismissal with prejudice for failure to prosecute is "a drastic sanction which should be sparingly exercised." *Welsh v. Automatic Poultry Feeder Co.,*

439 F.3d 95, 97 (8th Cir. 1971). Although a court may dismiss a case with prejudice if a Plaintiff fails to prosecute, *see* Fed. R. Civ. P. 41(b), such a dismissal is a "drastic and extremely harsh sanction" that is only proper when "there has been a clear record of delay or contumacious conduct by the Plaintiff and "lesser sanctions prove futile." *DiMercurio v. Malcolm,* 716 F.3d 1138, 1139 (8th Cir. 2013).

Moreover, what constitutes "failure to prosecute" is not fixed by settled rules but depends on the particular facts and circumstances in a case." J. Moore, *Federal Practice* §41.11[2] at 1119; Wright Miller, 9 *Federal Practice Procedure §*2369 at 204. When weighing a motion based on Rule 41(b), the Court, in exercising its discretion, must weigh "conflicting policies" in determining whether to grant a motion to dismiss for failure to prosecute: "on the one hand, the Court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to defendants from delay; on the other hand, the policy favoring disposition of cases on their merits." *Boyle v. American Auto Service, Inc.*, 571 F.3d 734, 738.

Dismissal under Rule 41(b) has been found to be appropriate where a Plaintiff exhibited "blatant and willful disregard" for the Court. *DeNardo v. Barrens,* 59 P.3d 266 (Alaska 2002). An example of such "blatant and willful disregard" was found in In *DeNardo*, which was locally examined in *Brown v. Simmons*, 270 S.W.3d 508 (Mo. App. 2008). In *DeNardo*, the Court granted a Rule 41(b) motion by the Defendant where Plaintiff "requested a continuance shortly before he was scheduled to proceed to trial; when the court denied his request and instructed him to be prepared to proceed to trial, he informed the court that he would not obey the order." *Id.* At 267.

Defendant must show facts indicating delay on the part of the Plaintiff. "…Only unreasonable delay will support a dismissal for lack of prosecution, and unreasonableness is not inherent in every lapse of time." *Nealey v. Transportacion Maritima Mexicana, S.A., et. al.*, 662

F.2d 1275 (9th Cir. 1980), citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 ( 9th Cir. 1976). "In our judicial system, many delays are of an acceptable duration; others, though lengthy, may be unavoidable.  Where these exist, there is no basis for a dismissal." *Nealey,* supra.  Lastly, "a District Court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effects of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis, Minn.,* 203 F.3d 527 (8th Cir. 2000).

## Argument

This case involves several parties, a complex injury, lengthy investigation and many moving parts.  Dismissal via Rule 41(b) is not an appropriate penalty for the Court to apply.  Initially, Plaintiffs' undersigned counsel concedes that he missed a recent date for filing a response to Defendant's Motion to Strike.  This was admittedly an oversight and not one that counsel takes lightly.  However, Defendants arguments that this mistake was deliberate and Plaintiffs have intentionally delayed this matter are incorrect.  Defendant cannot show that Plaintiffs, much less their counsel, have intentionally delayed this matter.  Given the facts of the case, the significant damages alleged therein and the importance of resolution to Plaintiffs' lives, counsel suggests that dismissal would be an unusually harsh and unjust penalty, especially to the Plaintiffs themselves.

Less than a year ago, on October 23, 2023, the parties mediated this case.  During the day long mediation, the parties had multiple back and forth exchanges of settlements offers and demands.  New information was discovered during the mediation which *both* parties agreed warranted additional time and fact discovery.  In fact, every amended scheduling order entered in this case has been by agreement of *all* parties.  Since the last mediation, Plaintiffs have engaged in informal discovery, including communications with MSHA regional directors and consulting with

potential expert witnesses. Plaintiff has also continued to receive medical care from his doctors for injuries sustained in this incident.

While not an excuse, several personal issues of Plaintiffs' co-lead counsel George Miller have contributed to at least some delay and oversight. As a result, counsel R. Scott Pecher has now fully taken over many case files, recently including this one, from Mr. Miller. Mr. Miller intends to retire from the practice of law in July of 2025 after winding down his caseload. Mr. Miller was originally lead counsel on this case but has dealt with a number of personal issues during the pendency of this case, including the death of his law partner in February of 2022 and the death of his son in late April of 2024. The death of his law partner resulted in his having to form a new law firm and engage in the process of winding up the business and finances of his old firm, which continues to this day. During this time, Mr. Miller has attempted to keep up with many of his cases and remain the lead attorney, but at times has been unable to. Mr. Pecher will take the lead on all filings and decisions going forward.

Dismissal of this cause of action would also prejudice others besides Plaintiffs, specifically Intervenor Liberty Mutual Insurance Company. Liberty Mutual holds the workers' compensation lien on behalf of Plaintiff Courtney Roberts's employer, ACME Constructors. Dismissal would cause Liberty Mutual to lose its ability to subrogate and recover hundreds of thousands of dollars of benefits paid. Mr. Brad Lichtman, Counsel for the Intervenor, informed Plaintiffs' counsel during a phone call that his client also opposes any dismissal at this stage.

## **CONCLUSION**

Even in the best of circumstances, complicated injury cases take time to reach a conclusion. The parties have worked on this matter for what is no doubt a lengthy amount of time and have invested significant amounts of time and money in an effort to come to a resolution. Plaintiffs

again concede that some delay and inadvertent oversight has occurred, neither of which was intentional, deliberate, dilatory, nor contumacious. Dismissing this case via Rule 41(b) of the Federal Rules of Civil Procedure would be a sanction that is remarkably harsh and unjust to Plaintiffs (and Intervenor). Plaintiffs therefore request this Court deny Defendant's Motion to Dismiss and grant any other relief which the Court deems just and proper.

        Respectfully submitted,

        THE MILLER STILWELL LAW FIRM

By:   /s/ R. Scott Pecher

        R. Scott Pecher #61010MO
        925 W. 5th Street
        Eureka, MO 63025
        Telephone: (636) 938-9877
        Fax:    (636) 938-6327
        scott@mslf-stl.com
        Attorneys for Plaintiffs