UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY ALEX ROBERTS, *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:20-cv-514-MTS |
| U.S. SILICA COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss this action for failure to prosecute, Doc. [69], Plaintiffs' Opposition, Doc. [74], and Defendant's Reply, Doc. [75]. For the reasons that follow, the Court will deny the motion. In addition, the parties shall have fourteen days from the date of this order to submit a joint proposed case management order that will govern the remainder of this action. That case management order will not be amended absent extraordinary circumstances.

**I.   Background**

Almost five years ago, Defendant U.S. Silica Company removed this action from the Circuit Court of Franklin County, Missouri. The case arises out of a May 19, 2018, incident at Defendant's facility in Pacific, Missouri, where Plaintiff Courtney Alex Roberts suffered injuries while performing maintenance inside a piece of industrial machinery. Doc. [1] ¶ 3. Plaintiffs assert negligence and loss of consortium claims, respectively, and seek actual and compensatory damages as well as costs. Doc. [7] at 5–6.

While this case has been pending, the parties have regularly moved to amend the case management order and extend its operative deadlines. Docs. [30], [35], [47], [55], and [64].

Each time, the parties either argued that good cause justified the requested amendment, *see, e.g.*, Doc. [47] ¶ 4, or otherwise informed the Court of circumstances sufficient to establish good cause, *see*, *e.g.*, Doc. [62] ¶ 2.  Accordingly, the Court entered amended orders that largely comported with deadlines proposed by the parties.  Docs. [32], [36], [48], [56], and [65]; *see* Fed. R. Civ. P. 6(b)(1)(A).

Plaintiffs' Rule 26(a)(2) expert-witness disclosure deadline has been repeatedly extended through the process described above.  *See* Fed. R. Civ. P. 26(a)(2) (requiring certain experts to provide written reports stating their opinions, any supporting data or exhibits, as well as other information about the expert's qualifications, compensation, and prior testimony); *compare* Doc. [16] at 1 (originally setting May 3, 2021, as the disclosure deadline), *with* Doc. [56] at 1 (extending the deadline to December 31, 2023, "by agreement of the parties").  Plaintiffs allowed this deadline to lapse in December 2023, and in response, Defendant moved to strike Plaintiffs' expert witness designations, arguing that "the Court should bar the Plaintiffs' experts from presenting evidence in the case."  Doc. [61] at 6 (citing Fed. R. Civ. P. 37(c)(1)).  The Court ultimately denied that motion as moot, however, because the parties once again agreed to extend Plaintiff's expert disclosure deadline to June 30, 2024.  Doc. [65].

Unfortunately, that was not the end of the matter.  Plaintiffs' disclosure deadline lapsed once more, and Defendant renewed its motion to strike.  Doc. [69].  This time, the parties did not resolve the matter on their own.  Indeed, Plaintiffs made no response at all, and the Court subsequently granted Defendant's unopposed motion.  Doc. [70].  Plaintiffs failed to take any action in this case for an extended period, and their inaction prompted Defendant to file the present motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) and Eastern

District of Missouri Local Rule 8.01.  Doc. [71] at 1.  The Court ordered Plaintiffs to respond to the motion within one week, and they complied.  Doc. [74].  That filing was Plaintiffs' first in over six months.

## II. Discussion

The Federal Rules of Civil Procedure empower a district court to dismiss an action "for failure of a plaintiff to prosecute or comply with [the Federal Rules] or any court order."  Fed. R. Civ. P. 41(b).  This power, however, "is not unlimited."  *Bergstrom v. Frascone*, 744 F.3d 571, 574 (8th Cir. 2014) (quoting *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)).  "The sanction imposed by the district court must be proportionate to the litigant's transgression." *Id.* at 574–75.  Therefore, because "[d]ismissals with prejudice are drastic and extremely harsh sanctions,"  *Id.* at 575 (quoting *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993)), such dismissals should occur "only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay," *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).  Moreover, the "ultimate sanction" of a dismissal with prejudice "should only be used when lesser sanctions prove futile."  *Id.*  To that end, a court should "consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party."  *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010).

Plaintiffs' dilatory conduct in this matter troubles the Court.[1]  As discussed above, not only have Plaintiffs repeatedly failed to submit timely expert disclosures as required by the

---

[1] Especially troubling is Defendant's contention that Plaintiffs have not "advanced *any* discovery for nearly four (4) years nor have they taken any depositions."  Doc. [75] at 2.  The Court notes that, because Defendant included this allegation in its reply and not in its initial motion, Plaintiffs have not been able to refute this allegation or otherwise provide an explanation.

Federal Rules of Civil Procedure and this Court's recurrent case management orders, but a six-month period of inaction elapsed in this case, during which time Plaintiffs, incredibly, failed to respond to Defendant's motion to strike Plaintiffs' expert designations altogether.  Even so, the Court does not agree with Defendant that Plaintiffs' conduct during pendency of the case amounts to "a clear and persistent pattern of intentional delay and failure to comply with this Court's orders," Doc. [71] at 2, because much of the 'delay' has been the product of the parties' joint agreement, supported by good cause, to repeatedly extend this case's operative deadlines.  Such agreement, of course, is laudable and necessary during litigation, especially regarding case scheduling and discovery matters.

In this proper context, the question before the Court is whether Plaintiffs' failure to prosecute for a six-month period, including their repeated failure make timely Rule 26(a)(2) expert disclosures and their failure to oppose a subsequent motion to strike, deserves the "drastic and extremely harsh sanction" of dismissal under Rule 41(b).  *See Bergstrom*, 744 F.3d at 575; *see also* Fed. R. Civ. P. 41(b) (stating that a dismissal under this rule ordinarily "operates as an adjudication on the merits").  For at least three reasons, the Court finds that Plaintiffs' conduct does not.

First, the Court is mindful of Plaintiff counsel's representations that personal issues and family tragedy "have contributed to at least some delay and oversight."  Doc. [74] at 5.  Even if the Court were unsympathetic to these circumstances, "dilatory conduct may be considered less worthy of dismissal with prejudice when attributable solely to a litigant's attorney," *Bergstrom*, 744 F.3d at 575 n.1,  and there is no indication that the misconduct here is in any way attributable to the Plaintiffs, themselves.

Second, the Court disagrees with Defendant that the cases cited in its motion weigh in favor of dismissal. On the contrary, each of the cases Defendant discusses at length features a pattern of conduct that is more willful, disruptive, and contumacious than Plaintiffs' conduct described above. *See McMorris v. Decker Truck Line, Inc.*, 4:23-cv-625-DGK, 2024 WL 3836741, at *1 (W.D. Mo. Aug. 15, 2024) (dismissing the action after plaintiff failed to respond to discovery requests, defied a court order requiring plaintiff to provide responses despite warnings that failure to comply may result in dismissal, and ignored Defendant's subsequent motion to dismiss for failure to prosecute); *Reger v. Wilhite*, 1:18-cv-00098, 2020 WL 3489356, at *1 (E.D. Mo. June 26, 2020) (dismissing the action after plaintiff failed to respond to discovery requests, failed to appear for his deposition, and failed to respond to the court's show-cause order why his case should not be dismissed under Rule 41(b)); *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (affirming dismissal after plaintiffs' failure to attend status conferences and to comply with the court's discovery orders, even after the court imposed monetary sanctions and warned plaintiffs of the possibility of dismissal if noncompliance persisted).

Third, before dismissing the action, the Court must consider the propriety of "a less severe sanction" that can remedy both "the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Arnold*, 627 F.3d at 722. Here, Defendant primarily complains of the "mounting prejudice" it has suffered due to the prolonged litigation in this matter. Doc. [71] at 5. Defendant has also been deprived of the information that it would glean from Plaintiffs' expert disclosures. *See* Doc. [69] ("Defendant continues to be greatly prejudiced with each passing day Plaintiffs' expert witness reports are not produced."); *cf. Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 559 (8th Cir. 1992) (explaining that, in

the context of Rule 37(b)(2), "prejudice exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's claim").

The present circumstances mitigate these concerns.  As mentioned above, the Court previously granted Defendant's unopposed motion to strike Plaintiffs' expert designations.  Thus, the Court has already addressed any prejudice resulting from Plaintiffs' repeated failures to make their expert disclosures.[2]  Additionally, if this case continues, it does not appear that Plaintiffs' misconduct will persist such that the situation is "futile" absent dismissal under Rule 41(b).  *Hunt*, 203 F.3d at 527.  For example, in their response to Defendant's motion, Plaintiffs ask the Court to enter a "final scheduling order or other method of ensuring absolute compliance."  Doc. [74] at 2.  Plaintiffs' suggestion is well taken and indicates that they intend to 'absolutely comply' with case deadlines going forward.  The Court will therefore enter a new case management order, and it will expect absolute compliance with the deadlines therein.  Noncompliance will warrant sanctions up to and including dismissal.  *See* Fed. R. Civ. P. 16(f).

---

[2] The Court further observes that exclusion of evidence is the "default, self-executing sanction for failure to comply" with the disclosure requirements of Rule 26(a) unless the nondisclosure "was substantially justified or is harmless." *Goosen v. Minn. Dep't. of Transp.*, 105 F.4th 1034, 1039 (8th Cir. 2024) (*quoting Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018)).  The non-disclosing party bears the burden to demonstrate that its failure was substantially justified or harmless. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Additionally, it is the non-disclosing party's burden to argue that its failure deserves "some lesser sanction" other than exclusion. *Vanderberg*, 906 F.3d at 705 (quoting *Wilson*, 250 F.3d at 20–21).  And, "[a] party's failure, on account of ignorance or neglect, to timely oppose a motion in the district court constitutes forfeiture." *Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011) (citation omitted).  Here, by failing to oppose Defendant's motion to strike, Plaintiffs failed to dispute Defendant's assertion that Plaintiffs' repeated nondisclosure has been harmful, and Plaintiffs have forfeited arguments to the contrary.  Similarly, Plaintiffs failed to argue that a lesser sanction should apply.  Moreover, on this record, it does not appear that exclusion of this evidence is "tantamount to dismissal" of Plaintiffs' tort claims such that the Court must consider "the possibility of lesser sanctions" sua sponte. *Vanderberg*, 906 F.3d at 704–05 (citing *Heartland Bank v. Heartland Home Fin. Inc.*, 335 F.3d 810, 817 (8th Cir. 2003)).  Therefore, under these unique circumstances, the "default, self-executing sanction" of exclusion under Rule 37(c)(1) is in effect.  *Vanderberg*, 906 F.3d at 705.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute, Doc. [71], is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed scheduling order to govern the remainder of this action no later than **January 21, 2025**.

Dated this 6th day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE