# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COURTNEY ALEX ROBERTS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-514-MTS |
| ) | |
| U.S. SILICA COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' "Rule 60(b) Motion for Relief from the Court's Sixth Amended Scheduling Order," Doc. [82], filed on February 26, 2025.[1] Consistent with the Court's prior Order granting Defendant's unopposed Motion to Strike Plaintiff's Expert Designations, Doc. [70], the Sixth Amended Scheduling Order set deadlines to govern the remainder of this action without additional extended deadlines regarding expert discovery. Doc. [81]. Now, a mere two days before the operative dispositive-motion deadline, thirty-four days following the issuance of the Sixth Amended Scheduling Order, one hundred ninety-six days following the Court's Order striking Plaintiffs' Expert Designations, and *two hundred forty-one* days following their Rule 26(a)(2) expert disclosure deadline, Plaintiffs ask the Court for Rule 60(b) relief—seeking additional time for expert discovery—because, "Plaintiffs . . . intended to respond to Defendant's Motion to Strike Expert Witnesses . . . but counsel failed to do so within the time limitations due to excusable neglect/mistake." Doc. [82] ¶ 7.[2]

---

[1] Defendant has filed its opposition.  Doc. [86].

[2] Federal Rule of Civil Procedure 60(b) provides, in pertinent part, that a court may grant relief from an order because of "mistake, inadvertence, surprise, or excusable neglect."

To support the existence of "excusable neglect/mistake," Plaintiffs raise five facts in total: (1) "The undersigned counsel entered his appearance for this case in September of 2022, which was approximately 2.5 years after the case was removed to this Court and after two scheduling orders had been entered in the case;" (2) "Counsel entered his appearance after joining the Miller Stilwell Law Firm following the death of one of the firm's litigation partners, Mr. Doug Salsbury; (3) "In addition to this case, Plaintiffs' counsel inherited more than 60 other active matters;" (4) "Before and after the undersigned entered his appearance, both Plaintiffs and Defendants have filed Motions to Amend the Scheduling Order in this case;" and (5) "The parties have participated in the good faith mediation of this case on several occasions." *Id.* ¶ 2–6.[3]

Plaintiffs cite no law in their motion. Nor do they address the applicable standard for Rule 60(b) relief or provide any cogent argument why the circumstances here merit the relief they seek. Looking at the scant justification that Plaintiffs *do* put forth, the Court cannot find that this is one of the "exceptional" cases for which Rule 60(b) authorizes relief. *See Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 368 (8th Cir. 2018) ("Rule 60(b) authorizes relief in only the most exceptional of cases."). Generally, courts consider four factors when determining whether a party's neglect is excusable, including "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial

---

[3] In addition, Plaintiffs assert that their "ability to properly present their case will be significantly hampered by the current scheduling order," but they proffer no additional explanation. Doc. [82] ¶ 12. Plaintiffs state that "the Scheduling Order also prevents Intervenor Liberty Mutual Insurance Company from recovering on its pending Workers' Compensation subrogation claim," but again, Plaintiffs do not elaborate further. *Id.* ¶ 10. Indeed, Intervenor has been a part of this action since September 13, 2021. Doc. [19]. For over three years, then, it has had the ability to litigate to protect its interests just as any other party to this action. *See Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) (explaining that an intervenor is a "full participant in a lawsuit and is treated just as if it were an original party").

proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay and whether it was within the reasonable control of the movant." *Id.*  Importantly, the reason for delay is the "most important factor," *Id.* at 369.

Here, the press of business stemming from events that occurred long before the relevant deadline does not constitute a reason for delay sufficient to establish excusable neglect. *See id.* (finding no excusable neglect where "counsel [did] not claim that he was unaware of the response deadline, or that he somehow inadvertently missed it" but rather "prioritized other matters"); *see also Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) ("It is generally held that 'excusable neglect' under Rule 60(b) does not include ignorance or carelessness on the part of an attorney."). To be sure, the circumstances do not establish "a showing of good faith and some reasonable basis for not complying with the rules" as is required for a finding of excusable neglect. *Noah*, 408 F.3d at 104. On the contrary, the timing of Plaintiffs' Rule 60 Motion—again, a mere two days before dispositive motions were due—tends to demonstrate Plaintiffs' *bad faith* on this score; that is, an apparent attempt to frustrate an opposing party's forthcoming summary judgment motion.  In short, Plaintiffs have failed to demonstrate their entitlement to relief under Rule 60(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Rule 60(b) Motion for Relief from the Court's Sixth Amended Scheduling Order, Doc. [82], is **DENIED**.

Dated this 17th day of March 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE